IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **VISHAL, INC.,** *et al.* ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action PWG-13-2078 |

### REPORT AND RECOMMENDATIONS

This Report and Recommendations addresses Plaintiff Choice Hotels International, Inc. ("Choice Hotels")'s Request for Judgment by Default. ECF No. 8.[1] Defendants Vishal, Inc., Vishal Amin and Urmila Amin have not filed a response and the deadline for a response elapsed on May 15, 2014. *See* Loc. R. 105.2.a. Having reviewed the filings, no hearing is deemed necessary. *See* Loc. R. 105.6. For the reasons stated herein, the undersigned recommends that, following the time to object to this Report and Recommendations, Choice Hotels' Request for Judgment by Default be GRANTED.

**I.    FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Choice Hotels is a Delaware corporation with its principal place of business in Rockville, Maryland.[2] Defendant Vishal, Inc. ("Vishal") is a Virginia corporation. Defendant

---

[1] On June 19, 2014, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Grimm referred this case to the undersigned to review a default judgment and/or make recommendations concerning damages. ECF No. 12.

[2] General Information and Corporate Contacts, Choice Hotels International, http://www.choicehotels.com/en/about-choice/corporatecontacts (last visited Nov. 13, 2014).

1

Vishal Amin is an individual residing in Newport News, Virginia. Defendant Urmila Amin is an individual residing in Newport News, Virginia.[3] *See* ECF No. 1 at 1.

The Defendants entered into a franchise agreement with Choice Hotels, on or about June 29, 2007, and subsequently breached the agreement. In accordance with Section 21 of the franchise agreement, on or about May 21, 2012, Choice Hotels filed a demand for arbitration against the Defendants with the American Arbitration Association, seeking damages for the breach. *See* ECF No. 8-1 at 1 ¶ 2. On November 1, 2012 the arbitrator entered an award in the arbitration proceeding in favor of Choice Hotels in the amount of $115,200.00 as liquidated damages. The arbitrator additionally awarded to Choice Hotels arbitration costs in the amount of $3,000.00 ($1,850.00 in administrative fees and $1,150.00 as compensation for the arbitrator plus the attorney's fees of Choice Hotels). The total award of arbitration is $118,200.00.[4]

Over eight months later, on July 19, 2013, Choice Hotels initiated this action by filing an Application to Confirm Arbitration Award. *See* ECF No. 1. A summons was served on each Defendant on November 18, 2013[5], and Answers were due December 9, 2013. *See* ECF Nos. 4-6. None of the defendants filed an Answer.

On April 28, 2014 Choice Hotels moved for Clerk's entry of default for want of answer or other defense against the Defendants. *See* ECF No. 7. On the same date Choice Hotels moved for default judgment against the Defendants. *See* ECF No. 8. The deadline for filing a response in opposition was May 15, 2014. No response in opposition was filed with regard to either the Motion for Clerk's Entry of Default or the Request for Judgment by Default.

---

[3] This Court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

[4] The amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

[5] The Clerk issued a summons on July 22, 2013. *See* ECF No. 2. On November 15, 2013 Choice Hotels moved for an extension of time to effect service on each Defendant. *See* ECF No. 3. On May 20, 2014 Judge Grimm granted the motion nunc pro tunc to November 15, 2013. *See* ECF No. 9.

On May 21, 2014 Judge Grimm granted in part and denied in part Choice Hotels' motion for Clerk's entry of default. Judge Grimm found Choice Hotels had not properly served Defendant Urmila Amin and, further, it was unclear whether Defendant Vishal, Inc. was properly served. Judge Grimm extended the deadline to June 23, 2014 for Choice Hotels to effect proper service on Urmila Amin and to either effect proper service on Vishal, Inc. or demonstrate the service already effected on Vishal, Inc. was proper. Finding Choice Hotels had properly served Defendant Vishal Amin, Judge Grimm granted Choice Hotels' request for entry of default as to this Defendant and directed the Clerk to enter Vishal Amin's default. *See* ECF No. 10. The following day, May 22, 2014, the Clerk's entry of default as to Vishal Amin was docketed. *See* ECF No. 11.

On June 23, 2014 Choice Hotels moved for an extension of time to effect service on Vishal, Inc. and Urmila Amin, *see* ECF No. 13, which Judge Grimm granted two days later, *see* ECF No. 14. A summons was served on Defendant Vishal, Inc. and on Defendant Urmila Amin on July 21, 2014. *See* ECF Nos. 15-16. Neither Vishal, Inc. nor Urmila Amin filed an Answer which was due August 11, 2014. *Id.*

Choice Hotels moved for Clerk's entry of default for want of answer as to Defendants Vishal, Inc. and Urmila Amin on August 18, 2014. *See* ECF No. 17. On October 6, 2014 the Clerk's entry of default as to Defendants Urmila Amin and Vishal, Inc. was docketed. *See* ECF No. 18.

## II.    DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments. Pursuant to Rule 55(b), the clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for

failing to appear and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Additionally, when a defendant is an individual, the plaintiff must certify or declare to be true under penalty of perjury whether the defendant is in military service. 50 U.S.C. app. § 521(b)(1) ("In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.").[6]

The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). As the Court noted in *Disney Enterprises, Inc. v. Delane*, 446 F. Supp. 2d 402 (D. Md. 2006), "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *Id.* at 405 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Nonetheless, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421).

In determining whether to award a default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one

---

[6] "Based upon information and belief, the defendants named in this matter are not infants, incompetent or in the military service of the United States." ECF No. 8-1 at 2 (Aff. Kristen K. Bugel ¶ 6).

relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). It remains, however, "for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010); 10A Charles Alan Wright et al., *Fed. Prac. and Proc. Civ.* § 2688 (3d ed. 1998) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."); *id.* (explaining that the court must "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Samler*, 725 F. Supp. 2d at 494 (citing *Ryan*, 253 F.3d at 780-81). This is so because "an allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Hartford Fin. Servs. Grp. Inc. v. Carl J. Meil, Jr., Inc.*, No. WDQ-10-2720, 2011 WL 1743177, at *7 (D. Md. May 5, 2011) (quoting Fed. R. Civ. P. 8(b)(6)); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, LLC*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Int'l Painters & Allied Trades Indus. Pension Fund v. Metro Glass & Mirror, Inc.*, No. ELH-11-2389, 2012 WL 893262, at *2 (D. Md. Mar. 14, 2012) ("The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.")

In sum, the Court must make two determinations. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint constitute a legitimate cause of action[.]"

*Samler*, 725 F. Supp. 2d at 494.  Second, if the Court finds that liability is established, it must "make an independent determination regarding the appropriate amount of damages." *Id.*

     **A.**     **Liability**

Almost one year has elapsed since Defendant Vishal Amin was served with Choice Hotels' Application to Confirm Arbitration Award.  Approximately three months have elapsed since Defendants Vishal, Inc. and Urmila Amin were properly served with Choice Hotels' Application to Confirm Arbitration Award ("Application").  None of the Defendants have pleaded or otherwise asserted a defense by filing an Answer.  As a result, all of the factual allegations made in Choice Hotels' Application not pertaining to damages are deemed admitted. Fed. R. Civ. P. 8(b)(6); *Ryan*, 253 F.3d at 780.

Choice Hotels moved for a default judgment on April 28, 2014; Defendants Vishal, Inc., Vishal Amin and Urmila Amin have not responded.[7]  It is within the Court's discretion to grant default judgment when a defendant is unresponsive.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enterprises*, 446 F. Supp. 2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).  Accordingly, the Court should grant default judgment on the Application to Confirm Arbitration Award if Choice Hotels establishes the liability of Defendants Vishal, Inc., Vishal Amin and Urmila Amin.

---

[7] Although Defendants Urmila Amin and Defendant Vishal, Inc. were re-served a summons, pursuant to Judge Grimm's May 21, 2014 Letter Order, *see* ECF No. 10, ***after*** Choice Hotels filed its Request for Entry of Default Judgment and ***after*** the May 15, 2014 deadline for filing a response in opposition elapsed, these Defendants were aware of Choice Hotels' Request for Entry of Default Judgment, as documented by the Certificate of Service.  *See* ECF No. 8-4.  These Defendants, once properly served, could have requested leave to file a response in opposition to Choice Hotels' Request for Entry of Default Judgment.

That accepting as true Choice Hotels' well-pleaded allegations (with supporting documentation), the undersigned finds Choice Hotels has proven the following:

> (a) Choice Hotels filed a demand for arbitration against Vishal, Inc., Vishal Amin and Urmila Amin with the American Arbitration Association, Case Number 16 114 00324 12;
>
> (b) the relationship between the parties was franchisor (Choice Hotels) and franchisee (Vishal, Inc., Vishal Amin and Urmila Amin);
>
> (c) the franchise agreement includes Section 21, <u>Arbitration</u>, which mandates "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement . . . will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association. . . ." ECF No. 1-2 at 1;
>
> (d) Choice Hotels sought damages for breach of the franchise agreement; and
>
> (e) on November 1, 2012 an arbitrator issued an Award of Arbitrator. The Arbitrator disposed of all claims. Choice Hotels was awarded the sum of $118,200.00 consisting of (i) liquidated damages in the amount of $115,200.00, (ii) compensation for arbitrator (plus the attorney fees of Choice Hotels) in the amount of $1,150.00 and (iii) administrative expenses in the amount of $1,850.00.

Accordingly, Choice Hotels has established the joint and several liability of Defendants Vishal, Inc., Vishal Amin and Urmila Amin, and therefore, a default judgment as to the arbitration award outlined in Choice Hotels' Application is proper.

**B.     Damages**

In support of the claim for damages Choice Hotels attached to its Application the Award of Arbitrator. The Award states,

> I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the

> above-named parties and dated June 29, 2007, and having been duly sworn, and oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me, do hereby, AWARD, as follows:
>
> Based on the documents of record at this time, and pursuant to the American Arbitration rules and procedures pertaining to document hearings, I award $115,200.00 for Claimant, Choice Hotels International, Inc. of 10750 Columbia Pike in Silver Spring, MD 20901. Award also goes to Claimant for arbitration costs in the amount of $3,000.00 comprising $1,850.00 in administrative fees and $1,150.00 for the compensation of the arbitrator, plus Claimant's attorney[']s fees, all of which shall be reimbursed to Claimant by Respondent[s].
>
> This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.
>
> I, Jill A. Tarzian Sorensen, JD, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

ECF No. 1-1 at 1.

The undersigned finds an award of damages in the amount of $118,200.00 is appropriate. The undersigned recommends the Court confirm the arbitration award of $118,200.00 as damages in favor of Choice Hotels and against Vishal, Inc., Vishal Amin and Urmila Amin, jointly and severally.

Choice Hotels also seeks post-judgment interest until the arbitration award is paid. The undersigned recommends the Court direct post-judgment interest, as calculated pursuant to 28 U.S.C. § 1961, continue to accrue until such time as the judgment is satisfied.

### RECOMMENDATIONS

The undersigned summarizes the recommendations as follows:

(a) The Court grant Plaintiff's Request for Judgment by Default (ECF No. 8);

(b) The Court confirm the arbitration award of $118,200.00 in favor of Plaintiff and against Defendants, jointly and severally;

(c) The Court direct post-judgment interest, calculated in accordance with 28 U.S.C. § 1961[8], continue to accrue on the judgment until satisfied by the Defendants; and

(d) The Court grant any other and further relief as it deems appropriate.

November 14, 2014  _____/s/_____
WILLIAM CONNELLY
UNITED STATES MAGISTRATE JUDGE

---

[8] "Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . Such interest shall be calculated from the date of the entry of the judgment, at rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment."